J-S44019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEURY PLASENCIA PLASENCIA | : | |
| | : | |
| Appellant | : | No. 255 MDA 2020 |

Appeal from the PCRA Order Entered January 9, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004225-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEURY PLASENCIA PLASENCIA | : | |
| | : | |
| Appellant | : | No. 256 MDA 2020 |

Appeal from the PCRA Order Entered January 9, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004226-2016

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 18, 2020**

Appellant Deury Plasencia Plasencia appeals from the orders denying as moot his timely Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petitions because he is no longer serving a sentence.[1]  On appeal,

---

[1] This Court granted Appellant's unopposed application to consolidate the appeals.

Appellant's PCRA counsel has filed a ***Turner***/***Finley***[2] brief and a petition to withdraw. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. ***See*** PCRA Ct. Op., 4/7/20, at 1-2.[3] As the PCRA court noted, Appellant's PCRA petition only asserted plea counsel was ineffective by not advising him of the deportation consequences for a guilty plea to receiving stolen property, which was the only count at 4225-2016. ***See id.*** Appellant timely appealed from each order denying his PCRA petition.[4] The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed a responsive opinion.

Initially, we must address whether PCRA counsel has fulfilled the procedural requirements for withdrawing his representation in this Court. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that before "addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel" (citation omitted)).

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We add that at docket no. 4226-2016, Appellant pleaded guilty to criminal trespass. On July 18, 2017, the court sentenced Appellant to one year of probation, which was made consecutive to Appellant's sentence of one year of probation at docket no. 4225-2016 for receiving stolen property.

[4] Each notice of appeal listed the single, relevant docket number.

As we have explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and some formatting altered).

PCRA counsel's petition to withdraw and brief to this Court reflect his review of the case and includes the issue that Appellant wishes to have reviewed. PCRA counsel sets forth reasons why the issue lacks merit and requests permission to withdraw. Additionally, PCRA counsel has provided Appellant with a copy of the no-merit brief and his application to withdraw, as well as a statement advising Appellant of his right to proceed *pro se* or with privately retained counsel. *See id.* Appellant did not file a *pro se* or counseled response to PCRA counsel's petition to withdraw. Accordingly, we will permit PCRA counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

As an initial matter, we determine whether Appellant is eligible for relief under the PCRA.

**(a) General rule.—**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii); *see Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

In *Ahlborn*, our Supreme Court considered "whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody." *Ahlborn*, 699 A.2d at 719. In that case, the petitioner filed a PCRA petition while he was still serving his sentence but completed his sentence before the PCRA court ruled on the petition. *Id.* The PCRA court dismissed the petition on the ground that "relief is available only to persons still serving sentences of imprisonment, probation, or parole." *Id.* On appeal, our Supreme Court affirmed. *Id.* at 721. It reasoned the statutory phrase, "currently serving a sentence,"

- 4 -

"clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720; *accord Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding that the petitioner's PCRA petition "should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief").

Further, in order to be eligible for PCRA relief, an appellant must be currently serving a sentence on the conviction he or she seeks to collaterally attack regardless of any unrelated subsequent convictions. *See Commonwealth v. Hayes*, 596 A.2d 195, 199 (Pa. Super. 1991) (*en banc*) (holding that the petitioner was not eligible for collateral relief where his sentence of imprisonment, probation or parole had expired for the conviction at issue, even though he was then serving a sentence of imprisonment stemming from an unrelated conviction). Finally, "the clear language of the 'currently serving' requirement as it is written precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997) (footnote omitted).[5]

---

[5] We are aware of *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), in which our Supreme Court required "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review" because the defendant was sentenced **only** to a fine. *Delgros*, 183 A.3d at 362. *Delgros*,
*(Footnote Continued Next Page)*

In this case, because Appellant is no longer serving his sentence of probation at 4225-2016, which was the only conviction he challenged in his PCRA petition, he is not "currently serving a sentence of imprisonment, probation or parole for the crime." **See** 42 Pa.C.S. § 9543(a)(1)(i)); **Descardes**, 136 A.3d at 503; **Ahlborn**, 699 A.2d at 720. Further, it is of no moment that Appellant is currently serving a sentence of probation for a different offense. **See Hayes**, 596 A.2d at 199. Additionally, Appellant's contention that he still owes fines and costs, **see Turner**/**Finley** Brief at 5, does not mean he is still serving a sentence. **See Fisher**, 703 A.2d at 716. Accordingly, Appellant cannot fulfill the statutory requirements for PCRA relief and we are constrained to affirm the order dismissing Appellant's PCRA petition and grant counsel leave to withdraw.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

however, involved ineffectiveness claims raised on direct appeal and our Supreme Court explicitly left undisturbed the holding of **Fisher**. **See id.** at 362 (holding, "as this appeal involves the examination of ineffectiveness claims presented in post-sentence motions, prior decisions governed by the PCRA that construe that statute's eligibility requirements are left undisturbed. (citing **Fisher**, 703 A.3d 714)).

Order affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2020

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS
                                    :        OF LUZERNE COUNTY
                                    :
             VS.                     :         CRIMINAL DIVISION
                                    :
                                    :
DEURY PLASENCIA PLASENCIA       :        NO: 4225 OF 2016

## ORDER

AND NOW, this 8th day of June, 2020, IT IS HEREBY ORDERED that the attached

Statement in Lieu of Opinion and Memorandum are to be immediately transmitted to the Superior

Court of Pennsylvania by the Luzerne County Clerk of Courts.

The Clerk of Court shall promptly serve a copy of this Order on each party's attorney, or

the party, if unrepresented, pursuant to Pa.R.Crim.P. 114.

BY THE COURT:

_____
MICHAEL T. VOUGH,      P.J.

Copies: *sent*

✓ Luzerne County District Attorney's Office

✓ Leonard Gryskewicz, Jr., Esquire
2 Public Square
Wilkes-Barre, PA 18701

CLERK OF COURTS CRIMINAL
LUZ CNTY JUN8'20PM1:57

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                                            : OF LUZERNE COUNTY
                                                            :
                              VS.                           : CRIMINAL DIVISION
                                                            :
                                                            :
DEURY PLASENCIA PLASENCIA     : NOS: 4225, 4226 OF 2016

## STATEMENT IN LIEU OF OPINION

AND NOW, this 7th day of April, 2020, and pursuant to Pa.R.A.P. 1925(a)(1), this

Court notes that the reasons for the Order dated January 9, 2020, which resulted in the notice

of appeal, may be found in the Memorandum prepared by this Court and filed with the Order on

January 9, 2020. As a result, no further opinion will be issued.

A copy of the Memorandum is attached hereto as Court Attachment "A".

The Clerk of Court shall promptly serve a copy of this Order on each party's attorney, or

the party, if unrepresented, pursuant to Pa.R.Crim.P. 114.

BY THE COURT:

MICHAEL T. VOUGH,      P.J.

Copies:

Luzerne County District Attorney's Office

Leonard Gryskewicz, Jr., Esquire
2 Public Square
Wilkes-Barre, PA 18701



# IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA :

       v.

DEURY PLASENCIA PLASENCIA

       CRIMINAL DIVISION

       NOS: 4225, 4226 OF 2016

## MEMORANDUM

### I.   INTRODUCTION

This memorandum is filed to address the issues raised in the Motion for Post Conviction Collateral Relief (hereinafter "PCRA") filed on behalf of Defendant, Deury Plasencia Plasencia, on July 8, 2019. At the PCRA hearing on December 4, 2019, Defendant pursued the allegation of ineffective assistance of counsel for failing to advise him of the deportation consequences of his guilty plea agreement for receiving stolen property.

### II.   PROCEDURAL HISTORY

On June 12, 2017, Defendant entered a guilty plea to receiving stolen property on docket number 4225 of 2016. On July 18, 2017, Defendant was sentenced to a 3-18 month period of incarceration for burglary on docket 1003 of 2017, followed by one (1) year of probation on docket number 4225 of 2016. On June 5, 2018, Defendant was revoked and maxed out on docket number 1003 of 2017, with a maximum date of September 9, 2018. His consecutive probation was reinstated on docket 4225 of 2016. Thus, Defendant's probation for his conviction for receiving stolen property commenced on September 9, 2018 and ended on September 9, 2019. While serving his probationary sentence, Defendant was detained by Immigration and Customs Enforcement as a result of his conviction for receiving stolen property.

Court Attachment A

Defendant filed the instant Motion on July 8, 2019. On September 10, 2019, PCRA counsel was appointed for Defendant. As previously indicated, the only issue Defendant pursued at the PCRA hearing held on December 4, 2019, was trial counsel's alleged ineffectiveness for failing to advise him of the deportation consequences of his guilty plea agreement for receiving stolen property.

## III. LEGAL ANALYSIS

Defendant's Motion is moot as he fully served his underlying sentence and is not eligible for PCRA relief. "Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime." Commonwealth v. Turner, 80 A.3d 754, 761–62 (Pa. 2013) (Court denied relief when PCRA petition had been timely filed, but sentence expired prior to any adjudication) (citing 42 Pa.C.S. §9543(a)(1)(i)); see Commonwealth v. Ahlborn, 699 A.2d 718 720 (Pa. 1997) (the language of §9543 requires the denial of relief for a petitioner who has finished serving his sentence). "Petitioner must be serving the relevant sentence throughout the PCRA process, including any appeals." Commonwealth v. Plunkett, 151 A.3d 1108, 1110 (Pa. Super. 2016) (Relief denied where Defendant was serving sentence when PCRA court's order issued, but sentence terminated prior to resolution of his appeal).

Here, Defendant entered a guilty plea to receiving stolen property on June 12, 2017 and was sentenced on July 18, 2017 to one year of probation. Defendant filed his PCRA Motion on July 8, 2019, however he is no longer serving a sentence as the probation for his conviction for receiving stolen property commenced on September 9, 2018 and ended on September 9, 2019. Therefore, Defendant's Motion is moot as he fully served his underlying sentence and is not eligible for PCRA relief.

BY THE COURT:

MICHAEL T. VOUGH,    J.